# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Innovative Environmental Technologies, Inc.

**(b)** County of Residence of First Listed Plaintiff   **BUCKS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bryan R. Lentz, Esquire, Gavin P. Lentz, Esquire, Bochetto & Lentz, P.C., 1524 Locust Street, Philadelphia, PA 19102 (215)-735-3900

## DEFENDANTS
OnMaterials Inc.

County of Residence of First Listed Defendant   **SAN DIEGO**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☒ 830 Patent ☐ 840 Trademark | ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| | ☐ 360 Other Personal Injury | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | | ☐ 895 Freedom of Information Act |
| ☐ 190 Other Contract | | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## V. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause:
28. U.S.C. 1331 §§ and 1338(a) and 28 U.S.C. §§ 1391
Patent Infringement Claim

## VI. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of $ 5 Million Dollars
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 7-22-15
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6071 Easton Road, Pipersville, Pennsylvania 18947

Address of Defendant: 1533 Simpson Way, Escondido, CA 92029

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No**X**

Does this case involve multidistrict litigation possibilities?  Yes☐  No**X**

RELATED CASE, IF ANY:
Case Number:_____ Judge_____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No**X**

CIVIL: (Place **X** in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. **X** Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Bryan R. Lentz, Esquire_____, counsel of record do hereby certify:

**X** Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7-22-15   _____(signature)_____   71383
                        Attorney-at-Law                                     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7-22-15   _____(signature)_____   71383
                        Attorney-at-Law                                     Attorney I.D.#

CIV. 609 (5/2012)

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Innovative Environmental Technologies, Inc. | : | CIVIL ACTION |
| v. | : | |
| OnMaterials Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( **X** )

| 7-22-15 | Bryan R. Lentz, Esq. | [signature] |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 735-3900 | (215) 735-2455 | blentz@bochettoandlentz.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INNOVATIVE ENVIRONMENTAL TECHNOLOGIES, INC., *Plaintiff*, v. ONMATERIALS INC., *Defendant*. | CIVIL NO.: CIVIL ACTION |

## COMPLAINT

AND NOW, comes Plaintiff, Innovative Environmental Technologies, Inc. ("IET"), by and through its undersigned counsel Bochetto & Lentz, P.C. ("B&L"), and brings this action against Defendant, OnMaterials, Inc. ("OnMaterials"), and in support thereof, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Titles 17 and 35, United States Code.

2. This Court has subject matter jurisdiction over IET's cause of action for patent infringement pursuant to 28 U.S.C. 1331 §§ and 1338 (a).

3. Venue properly lies in the District under the provisions of 28 U.S.C. §1391 as Defendant is subject to personal jurisdiction in this venue.

4. This Court has personal jurisdiction over OnMaterials because OnMaterials has purposefully availed itself of the jurisdiction of the Eastern District of Pennsylvania by affirmatively representing itself as a national environmental provider of remediation products that specifically does business in this district and as a result has substantial contacts in Pennsylvania.

**PARTIES**

5. IET is incorporated in Pennsylvania with its principal place of business located in Pipersville, Pennsylvania.

6. OnMaterials is a California Corporation having its principal place of business located in Escondido, California.

**BACKGROUND**

7. IET is the owner of the right, title and interests in and to United States Patent No. 7,531,709 (the "'709 Patent"), including the right to assert all causes of action arising under said patent and the right to any remedies for infringement.

8. On May 12, 2009, the '709 Patent entitled "Method for Accelerated Dechlorination of Matter" was duly and legally issued by the United States Patent and Trademark Office (*See* a true and correct copy of the '709 Patent is attached as **Exhibit "A"** and incorporated by reference).

9. The '709 Patent has a priority date of January 6, 2003 based on the filing of a provisional patent for this process.

10. The '709 Patent teaches: "the accelerated dechlorination of subsurface matter by anaerobic microorganisms in conjunction with oxygen scavengers, vitamins, nutrients and zero valent metals."

11. Claim 1 of the '709 Patent reads:

> A method for accelerated anaerobic dechlorination of subsoil matter, comprising steps of: supplying a mixture including a zero valent metal into soil pathways to biologically react with the dissolved chlorinated solvents in the groundwater; and supplying an organic hydrogen donor into the soil pathways to produce dechlorinating conditions such that indigenous anaerobic bacteria biodegrade residual concentrations of chlorinated solvents.

12. Claim 3 of the '709 patent describes, "[t]he method of claim 1 wherein the steps of supplying said mixture and said organic hydrogen donor are carried out by ***placing an injection rod into the soil and then injecting them under pressure through an injection rod***." (emphasis added).

### OnMaterials' Infringement Of The '709 Patent

13. OnMaterials holds itself out as a designer and manufacturer of "engineered zero valent metal products" for "In Situ" remediation.

14. The OnMaterials website describes a group of remediation products known as Z-Loy:

> Many products have come and gone but Z-Loy™ remains the industry's state-of-the art remediation solution. Z-Loy™ products provide the unique combination of small particle size, ease of use, and reactivity with many common groundwater contaminants. Z-Loy™ has unique properties which allow for the simultaneous co-injection with other remediation amendments. The resulting low-viscosity aqueous suspension does not require high pressure fracking for subsurface application.
>
> All Z-Loy™ products are American made.
>
> **Z-Loy™ MicroMetal:** Our zero valent iron suspension provides the perfect compromise of small particle size, rapid reactivity, and long acting persistence – Best suited for abiotic degradation of groundwater contaminants.
>
> **Z-Loy™ BioGo:** This product is similar to Z-Loy™ MicroMetal, but is engineered to promote *in-situ* bioremediation of groundwater contaminants. By rendering groundwater de-oxygenating, electrochemically reducing, and pH neutral, optimal conditions for microbial degradation are achieved.

3

> **Z-Loy<sup>TM</sup> LA:** Our microscale product has a larger particle size and provides extended reactivity. Z-Loy<sup>TM</sup> LA is best suited for injecting into porous environments via DPT.
>
> **Z-Loy<sup>TM</sup> Pre-Treat:** This product is used for pre-treatment of water used for injection in the field.
>
> (*See* a true and correct copy of the OnMaterials website "Products" page attached hereto as **Exhibit "B."**)

15. Z-Loy was developed after the priority date of the '709 Patent (January 6, 2003).

16. Specifically, OnMaterials developed Z-Loy at the earliest between April of 2003 and September 2003 using a Phase I and a Phase II U.S. Environmental Protection Agency's (EPA) Small Business Innovation Research (SBIR) Program.

17. One of the OnMaterials Z-Loy remediation products is the Z-Loy BioGo

18. The Z-Loy BioGo product flyer describes it as; "a zero valent metal product that is used in conjunction with organic bioremediation amendments to achieve the accelerated in-situ anaerobic remediation of chlorinated solvents and other toxic groundwater contaminants." (*See* a true and correct copy of an OnMaterials Product Flyer attached hereto as **Exhibit "C."**)

19. OnMaterials is marketing and selling Z-Loy BioGo to be used in an injection process for the accelerated anaerobic dechlorination of subsoil matter which is the same process described and protected by the '709 Patent (specifically claim 3).

20. In addition to marketing Z-Loy BioGo, OnMaterials is using other Z-Loy products in a manner which infringes the 709 Patent.

21. By way of example only, OnMaterials participated in a remediation project in Stephenville, Texas where a ruptured degreaser introduced trichloroethylene (TCE) into groundwater at an industrial facility.

22. A report on the Stephenville project co-authored by OnMaterial's principles John Freim and Clint Bickmore includes the following description of the remediation process:

> The Z-Loy used for the 2008 remediation program was modified to provide additional pH neutralization; 2500 kg of Z-Loy™, 143,100 kg of NewmanZone™, and 4500 kg NeutralZone™ (RNAS), a calcium carbonate buffer, were used in 2011. Twenty-two kg of phosphorous and nitrogen and 2 g of vitamin B12 were added to the groundwater. Finally, a commercial anaerobic culture was added after other materials were injected.
>
> (*See* a true and correct copy of the "Stephensville Report" attached hereto as **Exhibit "D."**)

23. The report also recites the combination of materials utilized in the accelerated anaerobic dechlorination of subsoil matter :

> In Fall 2008 and Spring 2009, 4900 kg of Z-Loy™ nanocrystalline zero valent iron (NZVI, OnMaterials) and 42,600 kg of NewmanZone™ (RNAS, Brooklyn Center, MN) were mixed with 151,400 liters of deoxygenated water and injected through sixty 3m deep PVC wells. Z-Loy™ contains zero valent metals (iron and aluminum) deposited onto the surface of sub-micrometer aluminum oxide particles.
>
> (*See* **Ex. D**, at pg. 1)

24. The process used by OnMaterials at the Stephenville site, and upon information and belief other sites, is an injection process which infringes on the '709 Patent (specifically claim 3).

**COUNT I – INFRINGEMENT OF THE '709 PATENT BY ONMATERIALS**

25. Plaintiff incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

26. OnMaterials has infringed and continues to infringe the '709 Patent by marketing Z-Loy products for use in processes covered by one or more claims of the '709 Patent related to,

5

inter alia, the Accelerated Dechlorination of Subsurface Matter.

27. Defendant's unlawful conduct induces purchasers of Z-Loy BioGo to infringe the '709 Patent directly and under the doctrine of equivalence.

28. OnMaterials has had actual knowledge of the '709 Patent and has willfully committed said infringing activities. These infringing activities violated and continue to violate 35 U.S.C. § 271 and entitle Plaintiff to an award of treble damages and attorneys' fees.

29. IET informed OnMaterials by written communication that On Materials' activities in marketing the Z-Loy constitutes an improper inducement to others to infringe on the IET '709 Patent. (*See* a true and correct copy of an email from Mike Scalzi to John Friem attached hereto as **Exhibit "E."**)

30. IET has suffered damages and a loss of royalties as a result of OnMaterials' infringing activities and will continue to suffer damages in the futures unless OnMaterials is enjoined from further infringing and/or inducing infringement of the '709 Patent.

### COUNT II – INFRINGEMENT OF THE '709 PATENT BY ONMATERIALS

31. Plaintiff incorporates by reference the averments set forth in each of the preceding paragraphs as if fully set forth herein.

32. OnMaterials has infringed and continues to infringe the '709 Patent by conducting and participating in remediation projects utilizing the process utilized at the Stephenville site.

33. Specifically, the combination of a modified Z-Loy product and NewmanZone directly infringes the process described and protected by the '709 Patent related to, inter alia, the Accelerated Dechlorination of Subsurface Matter.

34. OnMaterials has had actual knowledge of the '709 Patent and has willfully committed said infringing activities. These infringing activities violated and continue to violate

35 U.S.C. § 271 and entitle Plaintiff to an award of treble damages and attorneys' fees.

35.    IET informed On Materials by written communication that OnMaterials' activities in marketing the Z-Loy constitutes an improper inducement to others to infringe on the IET '709 Patent (*See* **Ex. E.**)

36.    IET has suffered damages and a loss of royalties as a result of OnMaterials' infringing activities and will continue to suffer damages in the futures unless OnMaterials is enjoined from further infringing and/or inducing infringement of the 709 Patent.

### **PRAYER FOR RELIEF**

**WHEREFORE**, IET respectfully requests that this Court grant the following relief:

A.    Declare that OnMaterials has improperly induced others to infringe one or more of the claims of the '709 Patent.

B.    Declare that OnMaterials has improperly infringed one or more claims of the '709 Patent.

C.    Grant an injunction enjoining and restraining OnMaterials and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, directly or indirectly, from continuing to induce others to infringe the '709 Patent;

D.    Order that OnMaterials pay damages under 35 U.S.C. § 284, including treble damages, with prejudgment interest;

E.    Issue a declaration finding this to be an exceptional case, and ordering On Materials to pay the costs of this action and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest;

F.    Grant any and all such additional and further relief as this Court may deem just and equitable.

7

IET hereby demands that all issues be determined by a jury.

                                                          **BOCHETTO & LENTZ, P.C.**

Date: 7-22-15

                                                     By: _____
                                                         Bryan R. Lentz, Esquire
                                                         1524 Locust Street
                                                         Philadelphia, PA 19102
                                                         *Attorney for Plaintiff*

# EXHIBIT "A"

US007531709B2

# (12) United States Patent
## Scalzi et al.

(10) Patent No.: **US 7,531,709 B2**
(45) Date of Patent: *****May 12, 2009**

(54) **METHOD FOR ACCELERATED DECHLORINATION OF MATTER**

(75) Inventors: **Michael Scalzi**, Doylestown, PA (US); **Wade Meese**, Worthington, OH (US)

(73) Assignee: **Innovative Environmental Technologies, Inc.**, Doylestown, PA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 241 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **11/423,749**

(22) Filed: **Jun. 13, 2006**

(65) **Prior Publication Data**

US 2006/0223162 A1   Oct. 5, 2006

**Related U.S. Application Data**

(63) Continuation of application No. 10/610,558, filed on Jul. 2, 2003, now Pat. No. 7,129,388.

(60) Provisional application No. 60/437,983, filed on Jan. 6, 2003.

(51) **Int. Cl.**
    *A62D 3/00* (2007.01)
(52) **U.S. Cl.** .................. **588/316**; 588/406; 588/415
(58) **Field of Classification Search** ............. 588/313, 588/315, 316, 318, 319, 320, 402, 406, 415, 588/261; 423/240 R, 240 S
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 494,061 A | 3/1893 | Day |
| 1,929,659 A | 10/1933 | Trumble et al. |
| 2,362,674 A | 11/1944 | Spangler et al. |
| 2,421,765 A | 6/1947 | Taylor |
| 2,424,440 A | 7/1947 | Duffy |
| 2,617,765 A | 11/1952 | Swarr |
| 2,966,921 A | 1/1961 | Whiteman |
| 3,486,297 A | 12/1969 | Eisinga et al. |
| 3,805,819 A | 4/1974 | Etter |
| 4,488,850 A | 12/1984 | Wernimont |
| 5,264,018 A | 11/1993 | Koenigsberg et al. |
| 5,277,815 A | 1/1994 | Beeman |
| 5,411,664 A | 5/1995 | Seech et al. |
| 5,602,296 A | 2/1997 | Hughes et al. |
| 5,833,855 A | 11/1998 | Saunders |
| 5,975,798 A | 11/1999 | Liskowitz et al. |
| 6,068,777 A | 5/2000 | Kimura et al. |
| 6,150,157 A | 11/2000 | Keasling et al. |
| 6,238,570 B1 | 5/2001 | Sivavec |
| 6,245,235 B1 | 6/2001 | Perriello |
| 6,255,551 B1 | 7/2001 | Shapiro et al. |
| 6,265,205 B1 | 7/2001 | Hitchens et al. |
| 6,303,367 B1 | 10/2001 | Kataoka et al. |
| 6,312,605 B1 | 11/2001 | Kerfoot |
| 6,344,355 B1 | 2/2002 | Hince et al. |
| 6,420,594 B1 | 7/2002 | Farone et al. |
| 6,464,864 B2 | 10/2002 | Sivavec |
| 6,472,198 B1 | 10/2002 | Semprini et al. |
| 7,129,388 B2 * | 10/2006 | Scalzi et al. ............. 588/316 |

* cited by examiner

*Primary Examiner*—Edward M Johnson
(74) *Attorney, Agent, or Firm*—Gregory J. Gore

(57) **ABSTRACT**

Accelerated dechlorination of soil and water contaminated with chlorinated solvents is achieved by stimulating anaerobic microorganisms and thus increasing the rate of biological mineralization of the solvents. This is accomplished by a treatment process consisting of colloidal suspension of metal powder, an organic hydrogen donor, chemical oxygen scavengers in solution with essential nutrients, and vitamin stimulants such as B2 and B12 delivered via compressed gases N or $CO_2$ so as not to oxygenate an environment targeted for anaerobic processes. The treatment stimulates naturally occurring microorganisms while oxidizing dissolved phase target compounds via the surface action of the iron particles resulting in the breakdown of chlorinated solvents such as tetrachloroethene, trichloroethene, carbon tetrachloride and their daughter products.

**16 Claims, 1 Drawing Sheet**